Melvin C. PERKINS

v.

Preston M. BANSTER and W. T. Ard.
Civ. No. 12383.

United States District Court
D. Maryland.
Aug. 19, 1960.

Melvin C. Perkins, pro se.

Leon H. A. Pierson, U. S. Atty., and Robert E. Cahill, Asst. U. S. Atty., Baltimore, Md., for defendants.

THOMSEN, Chief Judge, orally.

█ The complaint in this case claims jurisdiction under Title 42 U.S.C.A. §§ 1981 and 1983. Section 1981 is the equal rights section giving to non-white persons the same rights which are enjoyed by white persons. Since the plaintiff, obviously and admittedly, is a white person, Section 1981 serves as no basis for jurisdiction in this case.

█ Section 1983 deals with civil actions for the deprivation of constitutional rights under color of any statute, ordinance, regulation, custom or usage of any state or territory, and will support a case against a police officer or deputy sheriff or someone like that where he is acting under color of state law.

There is no allegation here that either of the defendants was acting under color of any state law. They were United States officers acting under authority or purported or supposed authority of United States law and not of state law. Section 1983, therefore, provides no ground for jurisdiction in this case.

Perkins has explained the rather unclear provisions of the complaint and has indicated that his claims are for false arrest or false indictment or malicious prosecution or denial of due process, and also for slander.

█ If those allegations or charges be treated as actions for slander or for malicious prosecution or for false arrest or any other recognized cause of action, they would be common law actions which would require diversity of citizenship and the requisite amount in controversy in order to be brought in this court. The plaintiff has not alleged diversity of citizenship, and therefore, the complaint is fatally defective on that ground. I will come back to that in a moment.

First, let us consider the merits of the claims that are alleged. With respect to malicious prosecution, it appears that the prosecution which was instituted resulted in a conviction in New York. After carefully reviewing the complaint and hearing the fuller explanation which the plaintiff has given of the circumstances, I conclude not only that the complaint does not allege any cause of action for slander, false arrest or malicious prosecution, but that under the facts as stated by the plaintiff no amendment based upon the facts could properly allege a cause of action for malicious prosecution, false arrest or slander.

The principal allegation is that the defendants said that the plaintiff was a mental case or was crazy. It appears that the plaintiff has been committed to and has been in and out of the Spring Grove Hospital for Mental Diseases in this state over a considerable period of years. So, the complaint will have to be dismissed because it does not allege facts showing jurisdiction in this court and because it does not allege—even if jurisdiction were properly alleged—any action on which relief could be given in any common law action under the diversity of citizenship statute.

█ Perkins has said that he would like to amend to allege diversity of citi-

zenship. He admits that he is now a resident of Maryland but says that he can prove that he is a citizen of Pennsylvania. In view of my knowledge off the record and on, of Perkins and his activities in this court and out of this court running over a considerable period of years, I think it is very doubtful that Perkins can prove that he is not a citizen of Maryland and I would not want him to run the risk of being subject to a perjury charge by reason of his claims.

He has shown me a paper, which would not of itself prove that he is a citizen of Pennsylvania. He has asked that it not be shown to the Government, and I will not show it to the Government but am returning it to him.

If the only question were a question of diversity, I would be inclined to allow the amendment and to allow Perkins to attempt to prove his citizenship if he wished to do so; but since the complaint does not state a cause of action upon which relief could be granted if there were diversity of citizenship and since the statement that he has made of the circumstances behind his complaint does not show that he could properly allege any claim or cause of action upon which relief should be granted, I will exercise my discretion not to allow an amendment of the complaint in that respect.

Therefore, I will sustain the motion to dismiss as against Banster without leave to amend.

The suit was filed in forma pauperis as a result of an order signed by Judge Chesnut giving authority to file in forma pauperis. The defendant Ard has not been served, but based upon the explanation which plaintiff made as to what the complaint says about Ard and on the facts as stated by the plaintiff in amplification of the complaint, it is quite apparent that he has no just cause of action against Ard upon which relief could be granted in this case.

I am satisfied that the action is frivolous, and therefore I dismiss the action as against both defendants under the provisions of Title 28, section 1915(d).