**Deanel CHISM and Perry H. Thompson, Plaintiffs-Appellants,**

v.

**Ted R. PRICE et al., Defendants-Appellees.**

**No. 26320.**

United States Court of Appeals, Ninth Circuit.

Feb. 29, 1972.

Gove L. Allen (argued), of Standage, Allen & Phelps, Mesa, Ariz., for plaintiffs-appellants.

Stanley Z. Goodfarb, (argued), E. Dennix Siler, Asst. Attys. Gen., Gary K. Nelson, Atty. Gen., Phoenix, Ariz., for defendants-appellees.

Before HUFSTEDLER and TRASK, Circuit Judges, and HILL, District Judge.*

TRASK, Circuit Judge:

This is a direct appeal from an order granting the defendants-appellees' motion for summary judgment pursuant to Fed.R.Civ.P. 56(c). The order as drawn provides that "the complaint of the plaintiffs . . . be and the same is hereby dismissed." C.R. 959–60. However, neither the appellants nor the appellees have questioned but that the action itself was dismissed. The appellants treated it as a final judgment and so described it in their notice of appeal and both parties have addressed them-

* Honorable Irving Hill, United States District Judge for the Central District of California, sitting by designation.

selves to the merits on this appeal. We do likewise and affirm the action of the district court.

From 1961 to 1967, Chism and Thompson, who were members of an Arizona State Highway maintenance crew, engaged in a series of personal but job related disputes and arguments with a fellow worker, Ted Price, the principal defendant in this action. Price had seniority over the plaintiffs. When the crew foreman was to be retired in 1967, the plaintiffs and others on the crew recommended someone other than Price in a letter to the Speaker of the Arizona House of Representatives. The Department supervisory personnel appointed Ted Price as foreman in January 1968, and a second series of incidents occurred between plaintiffs and Price. In March 1968, the plaintiffs and other members of the crew reported their grievances to the Speaker of the House of Representatives a second time. Price later in the year gave Chism and Thompson a job evaluation rating substantially lower than those they had received in prior years from other foremen. More disagreements followed, and finally on September 17, 1968, Chism and Thompson were fired by Price.

The notices of dismissal stated:

"You are hereby dismissed as of September 17, 1968, 4 P.M. as a result of insubordination; also for incompetency, inefficiency and misconduct in the performance of your duties."

The Merit System Regulations adopted by the State Highway Commission provided that the following charges are grounds for dismissal:

"(c) Any act towards an employee's supervisor which constitutes insubordination.

"(d) Gross incompetency, inefficiency or misconduct in the performance of duties."

A merit council hearing was accorded the plaintiffs by the department pursuant to the regulations. Organizationally, the regulations delegated to the Merit System Council the duty of receiving evidence and making a preliminary finding whether the firing should be upheld, but the regulations clearly stated that:

"The findings and recommendations of the Merit System Council are *advisory* to the State Highway Director and/or the Highway Commission, whose decisions are final." (Emphasis added)

The findings of the Council reached after fourteen hours of testimony, were set forth in a memorandum directed to the State Highway Director and the State Highway Commission, which summarized the parties' contentions and concluded there was evidence of insubordination on the day of September 17, considered both as to the events of that day and the background of the long series of troubles between the parties. The Council voted unanimously to uphold the dismissals, and to uphold a three-day suspension given to Thompson. Thompson's notice of hearing specifically referred to both the suspension and the dismissal.

This memorandum was then forwarded to the Highway Commission which read the memo into its minutes and then voted unanimously to uphold the Council's recommendations. No discussion is indicated in the minutes, nor was any of the evidence or a transcript of the hearing before the Commission.

Plaintiffs then brought a suit in the state court in Pinal County against the State Highway Commission seeking reinstatement to their former employment and back pay, because of wrongful dismissal. That suit was dismissed and no appeal was taken. A second suit was brought in Maricopa County against the State of Arizona asserting that the State Highway Commission breached a contract of employment with the plaintiffs, and summary judgment was accorded the defendants, the court holding that no contract of employment arose or could have arisen. No appeal was taken from this judgment. This civil rights action was then filed in federal district court. Defendants filed a motion for

summary judgment, which was accompanied by affidavits from each party defendant. Plaintiffs responded to the motion and filed affidavits of Chism and Thompson. Summary judgment was granted to the defendants, the district court stating in part as follows:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendants' Motion for Summary Judgment be, and the same is, hereby granted as to each and every defendant, and the Complaint of the Plaintiffs, Deanel Chism and Perry H. Thompson, be, and the same is, hereby dismissed as to all of the Defendants, and that said Plaintiffs take nothing thereby."

This appeal is taken from that order.

The plaintififs place their claim under the Civil Rights Act, 42 U.S.C. § 1983.[1] The narrow question here is whether the trial court properly granted the defendants' motion for summary judgment. The issue before the court was whether the pleadings, depositions, answers to interrogatories and admissions on file, together with properly sufficient affidavits, disclosed that there was no genuine issue as to any material fact and that the defendants were entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

■■■ Substantively to bring themselves within the Act, the appellants must establish that they have been deprived, under color of state law, of rights which are secured to them by the Constitution and federal laws. There is no evidence of discrimination against either of them because of race, color or religion or any other constitutionally protected right. They were members of a road maintenance crew who had permitted or caused bad blood to build up against their foreman until it culminated in a near-physical altercation and open rebellion against him. For this, they were fired. They were accorded hearings before the review boards established by the Highway Commission, including review by the Commission itself. We find no denial of procedural due process nor of any other federally secured right that would bring them within the Act.

Great reliance is placed upon such cases as Ferguson v. Thomas, 430 F.2d 852 (5th Cir. 1970), and Donovan v. Reinbold, 433 F.2d 738 (9th Cir. 1970). Such reliance is unfounded. These cases clearly illustrate the shortcomings of the present case under the Civil Rights Act. In *Ferguson, supra*, a professor was dismissed because of his participation in campus grievance disturbances. He filed suit asserting that his constitutional rights of expression and association had been unlawfully restricted. Said the court:

"If the instructor challenges his termination on grounds that his constitutional rights have been infringed, a decision of that claim may and should be avoided if valid non-discriminatory grounds are shown to have been the basis of the institution's action." 430 F.2d at 858–859.

In *Donovan, supra*, a life guard was dismissed because he had written newspaper articles. We held that the complaint and the evidence supporting it fell within the protection of the First Amendment and thus the action was an unlawful deprivation of his civil rights.

■■■ Here the appellants were discharged because of (1) insubordination, and (2) incompetency, inefficiency and

1. The documents on file clearly establish that none of the defendants-appellees was engaged in any conspiracy to cause injury to the appellants in their employment, or to deny them any of their civil rights. Therefore, in their reply brief, appellants conceded that they no longer relied upon 42 U.S.C. § 1985. Appellants' Reply Brief at 1.

The appellants also admitted in their reply brief that they did not have a contract of permanent employment with the State of Arizona. Appellants' Reply Brief at 1. We are, therefore, now concerned only with the liability of the defendants under the Civil Rights Act, 42 U.S.C. § 1983.

misconduct in performance of duties. The affidavits and documents on file in the case disclose that without doubt. No substantial question of fact exists. The appellants' challenges to those facts were conclusively decided against them in state court proceedings. The doctrine of res judicata forecloses the federal courts from reexamining those issues. Johnson v. Department of Water & Power, 450 F.2d 294, 295 (9th Cir. 1971).

The judgment is affirmed.