456 F.2d 1301
 UNITED STATES of America ex rel. John A. Rauch, Appellant,
v.
John DEUTSCH, District Attorney, Carbon County,
Pennsylvania, and David Ebbert, Police Officer,
Mahoning Township, Carbon County, Pennsylvania.
 No. 71-1226.
 United States Court of Appeals,
Third Circuit.
 Submitted under Third Circuit Rule 12(6) Feb. 7, 1972.
Decided Feb. 24, 1972.
As Amended May 4, 1972.
 
 John A. Rauch, pro se.
 James A. Wimmer, Jim Thorpe, Pa., for appellee, John Deutsch.
 Thomas S. McCready, Lansford, Pa., for appellee, David Ebbert.
 Before KALODNER, HASTIE and MAX ROSENN, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 Appellant Rauch brought this suit for damages against John Deutsch, District Attorney of Carbon County, Pennsylvania, and David Ebbert, a police officer, for breach of his civil rights under 42 U.S.C. Sec. 1983 et seq. (1970). His complaint alleged that he was arrested and prosecuted by the appellees as part of a scheme to extort money from him. The suit was dismissed in the district court. In a subsequent order made after appellant had submitted a motion for rehearing which the district judge treated as a motion for leave to appeal in forma pauperis pursuant to Rule 24 of the Federal Rules of Appellate Procedure, the district court held that the District Attorney was immune from suit under the Civil Rights Act while carrying out his official duties. It also held that appellant had failed to bring his action within the requisite statute of limitations.
 
 
 2
 After a thorough review of the record, we find that appellant has failed to state a cause of action upon which relief can be granted. Further, we agree with the order of the district court that Deutsch, as District Attorney, was immune from suits under the Civil Rights Act while performing his official duties. Gaito v. Ellenbogen, 425 F.2d 845 (3d Cir.1970). Because of our disposition of this case, we do not reach the question of whether the appellant met the statute of limitations applicable to this cause of action.
 
 
 3
 The order of the district court dismissing appellant's cause of action will be affirmed.