**Nyland McINTOSH, Plaintiff,**

v.

**Ralph GAROFALO, Defendant.**

Civ. A. No. 73–642.

United States District Court,
W. D. Pennsylvania.

Nov. 16, 1973.

Mark B. Aronson, Behrend & Aronson, Pittsburgh, Pa., for plaintiff.

John David Rhodes, Thomson, Rhodes & Grigsby, Pittsburgh, Pa., A. J. Kuzdenyi, Uniontown, Pa., for defendant.

## OPINION

TEITELBAUM, District Judge

In June of 1970, the plaintiff filed a medical malpractice suit against the defendant doctor in Common Pleas Court of Fayette County, Pennsylvania. The case was tried in January of 1973 and ended in a hung jury. Thereupon, plaintiff brought this action in federal court, alleging a conspiracy between the defendant and a juror to deprive plaintiff of a favorable verdict, allegedly in violation of 42 U.S.C. § 1985. Defendant filed an answer and moved for judgment on the pleadings under F.R.Civ.P. 12(c). Plaintiff countered with a motion to amend his complaint so as to assert claims under 42 U.S.C. §§ 1981 and 1983 and 28 U.S.C. § 1331. This motion to amend the complaint was granted by the Court. Defendant then filed a motion to dismiss. Briefs have been filed by the parties as to the issues raised by both the motion for judgment on the pleadings and the motion to dismiss.

While Rule 12(b) motions to dismiss and Rule 12(c) motions for judgment on the pleadings are to some extent merely interchangeable weapons in a party's arsenal of pretrial challenges,[1] there are differences in the scope and effect of the two motions. A Rule 12(b) motion to dismiss is directed solely toward the defects of the plaintiff's claim for relief, without concern for the merits of the controversy. A Rule 12(c) motion for judgment on the pleadings, on the other hand, at least theoretically requires some scrutiny of the merits of the controversy. See Wright and Miller, Federal Practice and Procedure, § 1369.

This case will be determined on defendant's Rule 12(b) motion to dismiss. The merits of the case need not be, and will not be, examined here. Plaintiff has failed to state a claim upon which relief can be granted and so defendant's motion to dismiss will be granted. Each of plaintiff's jurisdictional allegations will be dealt with seriatim.

### 42 U.S.C. § 1981

Section 1981 reads as follows:

"Equal rights under the law: All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other . . ."

As would seemingly be clear from the face of the statute, it has been held that any complaint which fails to allege discrimination based upon race fails to state a claim cognizable under 42 U.S.C. § 1981. Braden v. University of Pittsburgh, 343 F.Supp. 836, 838 (W.D. Pa.1972),[2] Perkins v. Banster, 190 F. Supp. 98 (D.Md.1960) aff'd 285 F.2d 426 (4th Cir. 1960); *contra* Gannon v. Action, 303 F.Supp. 1240 (E.D.Mo. 1960). Racial discrimination has not been, and apparently could not be, claimed in this case. Therefore, that portion of plaintiff's action brought under § 1981 must be dismissed.

### 42 U.S.C. § 1983

Section 1983 reads as follows:

"Civil Action for deprivation of rights: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

In order to state a cause of action under 42 U.S.C. § 1983, there must be a demonstration that (1) the conduct complained of was done by a person acting under color of state law and (2) that such conduct deprived plaintiff of rights, privileges and immunities secured by the Constitution and laws of the United States. Chism v. Price, 457 F.2d 1037 (9th Cir. 1972), Brownley v. Gettysburg College, 338 F.Supp. 725 (M.D.Pa.1972). Without passing on the question of whether plaintiff was deprived of Constitutional rights by defendant's conduct for the moment, it is clear that plaintiff's § 1983 action must fail since it does not comply with the first prerequisite for such a suit, the requirement of state action. State action cannot be founded upon the status of the juror as an alleged co-conspirator be-

---

1. An arsenal which includes Rule 12(f) motions to strike and Rule 56 motions for summary judgment.

2. The *Braden* case was remanded for further evidentiary hearings as to plaintiff's § 1983 claim at 477 F.2d 1 (3d Cir. 1973). The Court of Appeals refused to truncate the case by ruling on the § 1981 action, but Judge Gibbons stated in his concurring opinion that he would have affirmed the dismissal of the § 1981 claim.

504

cause a juror is immunized against an action for damages brought under the Civil Rights Act.

In Roberts v. Barbosa, 227 F.Supp. 20, 26 (S.D.Cal.1964), a case in which a criminal defendant's § 1983 suit against those involved in his conviction was dismissed, it was stated:

"I have found no case which touches on the question of immunity of a jury. Perhaps this is the first case where anyone has had the gall to attempt to secure damages from a jury for convicting him, in alleging violation of his civil rights.

"[7] If anyone should have immunity, it is the jurors. As Justice Frankfurter said in Tenney et al. v. Brandhove (1951) 341 U.S. 367 at 377, 71 S.Ct. 783, at 788, 95 L.Ed. 1019: 'The privilege (of immunity) would be of little value if they could be subjected to the costs and inconvenience and distractions of a trial upon a conclusion of a pleader, or to the hazards of a judgment against them based upon a jury's speculation as to motives.' There, the court was speaking of immunity of legislators. If ever immunity should be granted, it should be granted to jurors. To permit this case to proceed, and the jurors to be served with summons and complaint, and compel them to hire lawyers, would be the ultimate, not only in absurdity, but also in the subversion of justice."

The Roberts case was cited with approval in White v. Hegerhorst, 418 F.2d 894, 895 (9th Cir. 1969), in which the dismissal of a criminal defendant's civil rights action against a juror was affirmed. Also, in Martone v. McKeithen, 413 F.2d 1373, 1376 (5th Cir. 1969), the Fifth Circuit Court of Appeals held members of the grand jury to be immune from liability for damages under the Civil Rights Act.

■ Research fails to disclose a case in which it has been held that jurors in a civil action are immune from suit under the Civil Rights Act. Perhaps this is because, as noted in the Roberts opinion, no one in the past has brought such an action. Be that as it may, the reasoning employed in Roberts, White and Martone compels the conclusion that one empaneled as a juror in a civil action is immune from a later suit for damages under § 1983.

In the first instance, it must be considered that this case could not be pursued further without the necessity arising for piercing the time-honored veil of secrecy which surrounds the jury's deliberations. The threat to the jury system, one of the keystones of the democratic process, is obvious. But more importantly, perhaps, the integrity of the judicial process demands that jurors, as well as judges (Bauers v. Heisel, 361 F. 2d 581 (3d Cir. 1966))[3] and prosecutors (United States ex rel. Rauch v. Deutsch, 456 F.2d 1301 (3d Cir. 1972)), be free to discharge their duties without fear of subsequent harassment. To hold that a juror in a civil case is not immune from liability under § 1983 would be to subject each citizen/juror, men and women who serve their community in a spirit of well-meaning, if sometimes grudging, civil altruism, to the possibility of lengthy, expensive and burdensome combat against the vendettas of dissatisfied litigants. Such a state of affairs cannot be fostered. A juror in a civil action is immune from subsequent suit for damages under 42 U.S.C. § 1983.

■ With the elimination of the juror from the case by reason of her immunity, it becomes clear that no § 1983 claim can be stated against defendant doctor. There is no allegation, and presumably could be none, that Dr. Garofalo, considered separately, was a state official or that he was in any way

3. But see Littleton v. Berbling, 468 F.2d 389 (7th Cir. 1972) in which the Court of Appeals for the Seventh Circuit held that the doctrine of judicial immunity did not apply to a state judge in the light of the legisla-

tive history of the Civil Rights Act. The Supreme Court has granted certiorari and heard argument on the case sub nomine O'Shea v. Littleton, No. 72–953, argued October 17, 1973.

cloaked with the authority of the state. Since the only other party alleged to have conspired against plaintiff. is immune from liability under § 1983, it follows that Dr. Garofalo could not have committed the alleged wrongful acts "under color of state law or authority." Haldane v. Chagnon, 345 F.2d 601, 604 (9th Cir. 1965) and Guedry v. Ford, 431 F.2d 660, 664 (5th Cir. 1970) illustrate the above-stated principle that if one party to the alleged Civil Rights Act conspiracy is immune from liability, no cause of action can be stated against the private person with whom he is alleged to have conspired. Hence, that portion of plaintiff's suit brought under 42 U.S.C. § 1983 must be dismissed for failure to state a cause of action.

### 42 U.S.C. § 1985

Section 1985(2) of 42 U.S.C. is set out below in relevant part:

" . . or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws; . . . " [4]

Griffin v. Breckenridge, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971) is the seminal case interpreting 42 U.S.C. § 1985. *Griffin* was an action brought by two black Mississippians who claimed they had been beaten on a public highway by private persons who mistakenly believed they were civil rights workers. The District Court dismissed the complaint for failure to state a cause of action, relying on Collins v. Hardyman, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253 (1951), which construed § 1985(3) as reaching only conspiracies under color of state law. The Fifth Circuit Court of

Appeals affirmed the dismissal. 410 F.2d 817 (1969). A unanimous Supreme Court reversed and held that a conspiracy by private persons, even in the absence of state action, is actionable under § 1985(3). Speaking through Mr. Justice Stewart, the Court went on to explain:

"That the statute was meant to reach private action does not, however, mean that it was intended to apply to all tortious, conspiratorial interferences with the right of others. For, though the supporters of the legislation insisted on coverage of private conspiracies, they were equally emphatic that they did not believe, in the words of Representative Cook, 'that Congress has a right to punish an assault and battery when committed by two or more persons within a state'. . . . The constitutional shoals that would lie in the path of interpreting § 1985(3) as a general federal tort law can be avoided by giving full effect to the congressional purpose—by requiring, as an element of the cause of action, the kind of invidiously discriminatory motivation stressed by the sponsors of the limiting amendment. . . . The language requiring intent to deprive of *equal* protection, or *equal* privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirator's action."

403 U.S. at 101–102, 91 S.Ct. at 1798 (Emphasis in the original).

■ It is held that the requirement of a racial or otherwise class-based animus for the discriminatory conduct is applicable to actions brought under § 1985(2) as well as to those under § 1985(3). Extending the teachings of *Griffin* to § 1985(2) is in accordance with Phillips v. Singletary, 350 F.Supp. 297 (D.S.C.1972), wherein the paucity of case law on § 1985(2) was noted, but

4.  42 U.S.C. § 1985(1), dealing with conspiracies to intimidate federal officials, is clearly inapplicable to this case, as is § 1985(3), if strictly construed, for there has been no in-

trusion upon private property or the public highway alleged here. If plaintiff is to state a cause of action, he must do so under § 1985(2).

the similarity of language and intent of the two sections was held to be controlling.

The complaint in this case alleges no invidious class-based discrimination. The plaintiff does not claim that the defendant sought to injure him as a member of any racial or otherwise identifiable group. It is merely alleged that the defendant used improper means in defending a civil claim for damages. Plaintiff's § 1985 claim has run aground on the "constitutional shoals" of the *Griffin* case.[5]

### 28 U.S.C. § 1331

Section 1331(a) of the Judicial Code states as follows:

> "The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws or treaties of the United States."

It is elementary to the law of federal courts that in order for § 1331 to confer jurisdiction upon a district court, there must appear in plaintiff's complaint a well-pleaded federal question. Section 1331 does not automatically confer jurisdiction upon anyone who pleads that the jurisdictional amount is in controversy and that his Constitutional rights have been violated. Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L. Ed. 939 (1946), Skelly Oil v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). There is no federal question in this case because plaintiff has failed to state a cause of action under 42 U.S.C. §§ 1981, 1983 or 1985. Absent a cause of action under those statutes, plaintiff's resort to 28 U.S.C. § 1331 is futile.

Plaintiff's complaint will be dismissed and judgment entered for the defendant in accordance with this Opinion.

---

5. The first part of § 1985(2) dealing with a conspiracy to influence a juror in a "court of the United States" is insufficient to state a cause of action since the Common Pleas Court of Fayette County, in which the conspiracy is alleged to have occurred, is not a "court of the United States" in the meaning of the statute. See 28 U.S.C. § 451 for the definition of the term.