Jesse G. **CLIFTON**, Plaintiff,

v.

Jessie **GRISHAM** and the Mississippi Game and Fish Commission, Defendants.

No. EC 74–35–K.

United States District Court, N. D. Mississippi, E. D.

Aug. 21, 1974.

Wendell H. Trapp, Jr., Corinth, Miss., for plaintiff.

P. Roger Googe, Jr., Asst. Atty. Gen., Jackson, Miss., Richard B. Booth, Aberdeen, Miss., for defendants.

## MEMORANDUM ORDER

KEADY, Chief Judge.

This civil rights action seeking actual and punitive damages is before the court on motion of defendant, Mississippi Game and Fish Commission, to dismiss for failure to state a claim on which relief can be granted.

The complaint is brought under the provisions of 42 U.S.C. §§ 1981 and 1983. Jurisdiction is asserted under 28 U.S.C. § 1343.

Plaintiff, Jesse G. Clifton, an adult resident of Alcorn County, Mississippi, avers that the Mississippi Game and Fish Commission and its employee, Jessie Grisham, joined as codefendant, have "adopted a policy of harassing plaintiff . . . whenever plaintiff and his family visit Pickwick Lake, a public recreational facility." Plaintiff asserts that on April 14, 1973, he was the victim of an unprovoked "assault" perpetrated by Grisham at the State Line Boat Dock of Pickwick Lake, and he has been harassed on numerous occasions while Grisham was acting in his official capacity and under color of state law. The complaint also contains vague allegations that Grisham illegally conspired with unnamed members of the United States Coast Guard to harass plaintiff. Plaintiff avers that as a consequence of such conspiracy, both he and his family were victimized by harassment from the Coast Guard, although the complaint specifies neither the time, manner, nor circumstances of such alleged harassment.

Plaintiff asserts that as a result of the aforesaid acts, he has been denied his right to use and enjoy the public recreational facilities at Pickwick Lake in deprivation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment. The complaint prays for judgment in the sum of $25,000 actual and punitive damages, and demands jury trial.

■ Although the Mississippi Game and Fish Commission has alone filed a motion to dismiss, the court is of the view that the complaint fails to state a claim for which relief can be granted under 42 U.S.C. § 1981 as to either defendant. § 1981 provides:

"All persons within the jurisdiction of the United States shall have the same right in every State and Terri-

tory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property *as is enjoyed by white citizens,* and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." (Emphasis added).

We note that there is absolutely no allegation of racial discrimination in the complaint and no allegation that plaintiff and his family are blacks or members of a minority race. Neither do we believe that the presence of racial discrimination can be implied. We are in full agreement with the observation of Judge Guin in Ripp v. Dobbs Houses, Inc., 366 F.Supp. 205, 211 (N.D.Ala.1973), where he stated that "[a]ttempts to expand Section 1981 beyond its terms have generally met with failure." In the present posture of the case, absent an allegation of racial discrimination, plaintiff's complaint fails to state a claim under § 1981. See, Perkins v. Banster, 190 F.Supp. 98 (D.Md.1960), aff'd 285 F.2d 426 (4 Cir. 1960); Marshall v. Plumbers and Steamfitters Local Union 60, 343 F.Supp. 70 (E.D.La.1972); Arnold v. Tiffany, 359 F.Supp. 1034 (C.D.Cal.1973), aff'd. 487 F.2d 216 (1973); Van Hoomissen v. Xerox Corp., 368 F.Supp. 829 (N.D.Cal. 1973); Schetter v. Heim, 300 F.Supp. 1070 (E.D.Wis. 1969).

■ More fundamental, however, is the point raised by defense counsel that the Mississippi Game and Fish Commission is not subject to suit in federal district court because of the bar of the Eleventh Amendment to the Constitution of the United States.[1] By his complaint, plaintiff boldly alleges that the Commission is a state agency and seeks to cast it in damages for the allegedly tortious act of its agent. It is indisputable that the Game and Fish Commission is a state agency, which is composed of 11 members appointed by the Governor, § 49–1–29, Miss.Code Ann. (1972), who are empowered to exercise state-wide jurisdiction in the regulation and control of fish and a variety of wildlife found within the state. The duties exercised by the Commission are on behalf of the state, and it is funded by appropriations adopted by the legislature. From a reading of the statutes, we perceive that the legislature has not consented for the Commission to be sued, and thus plaintiff is in the position of having brought an unconsented suit against a state agency, which seeks money damages from the public treasury. The recent case of Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), authoritatively settles the proposition that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment. Plaintiff seeks to offset this proposition by arguing that the Commission nevertheless should be suable because it performs proprietary and not governmental functions, and thus should have no immunity from suit. It is altogether unnecessary for us to consider the nature of the functions performed by the Game and Fish Commission, for we are only here concerned with the lack of *federal* judicial power. Whether or not the laws of Mississippi provide a legal or other remedy to plaintiff, a Mississippi citizen, in the courts of the state or before other state tribunals is irrelevant to the immunity provided by the Eleventh Amendment. Jagnandan v. Giles, 379 F.Supp. 1178 (3-judge, N.D.Miss. 1974), decided August 15, 1974. Moreover, apart from the bar of the Eleventh Amendment, federal court jurisdiction for money damages under 42 U.S.C. § 1983 would not be maintainable against a state agency or a political subdivision of the state. City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d

---

1. Amendment XI—Suits Against States, provides:

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

109 (1973); Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Thus, plaintiff is wholly unable to state a claim upon which relief can be granted against Game and Fish Commission.

In accordance with the views expressed here, we sustain the motion of Mississippi Game and Fish Commission and dismiss it finally as a party defendant in this cause, together with its costs. Moreover, the court, sua sponte, dismisses plaintiff's § 1981 claim against Grisham. However, the § 1983 claim asserted against Grisham remains for trial and must be answered within 20 days from this date.