NATIONAL CARLOADING CORPORATION, Plaintiff,

v.

Arnold SHULMAN, et al., Defendants.

Civ. A. No. C 83–287 A.

United States District Court, N.D. Georgia, Atlanta Division.

June 6, 1983.

Fletcher Thompson, Atlanta, Ga., for plaintiff.

· James Cifelli, Cotton, White & Palmer, P.A., Atlanta, Ga., for defendants Security Van Lines and Cotton, White & Palmer.

Kathryn Allen, Asst. Atty. Gen., Atlanta, Ga., for defendants Judges and Clerks.

**4**

## ORDER

VINING, District Judge.

This is an action under 42 U.S.C. § 1983 against the judges of the Georgia Court of Appeals, the clerk of the Georgia Court of Appeals, the clerk of the State Court of Cobb County, Security Van Lines, Inc. (the plaintiff in certain state court litigation), Cotton, White & Palmer, P.A. (the law firm representing Security Van Lines in the state court litigation), and James Cifelli (the individual attorney representing Security Van Lines in the state court litigation). The plaintiff has sought injunctive relief and declaratory ruling by this court that a certain ruling by the Georgia Court of Appeals denies it equal protection under the law as guaranteed by the Fourteenth Amendment. The plaintiff has moved to amend his complaint, and the defendants have moved to dismiss for lack of subject matter jurisdiction. The issue before this court is whether it has jurisdiction under section 1983 to review a final judgment of a state appellate court.

The provisions of 28 U.S.C. § 2283 prohibit a court of the United States from granting an injunction to stay proceedings in a state court except as expressly authorized by act of Congress, where necessary in aid of its jurisdiction, or to protect or effectuate its judgments. In *Mitchum v. Foster,* 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972), the Supreme Court held that section 1983 was an act of Congress that fell within the "expressly authorized" exception in the anti-injunction statute and that there might be circumstances in which a court in a section 1983 action could enjoin a proceeding pending in state court. *Mitchum* involved a situation wherein a state prosecuting attorney brought a proceeding in state court to close down a bookstore as a public nuisance under the claimed authority of Florida law. The state court entered a preliminary injunction prohibiting continued operation of the bookstore, and after further inconclusive proceedings in the state courts, the bookstore operator filed a complaint in federal court alleging that the actions of the state judicial and law enforcement officials were depriving him of rights protected by the First and Fourteenth Amendments. Relying upon section 1983, the bookstore operator asked for injunctive and declaratory relief against the state court proceedings on the ground that the Florida laws were being unconstitutionally applied by the state court so as to cause him irreparable harm. A three-judge district court refused to enjoin the state court proceedings, holding that the anti-injunction statute prohibited such relief. The Supreme Court reversed.

The Court of Appeals for the Fifth Circuit misread and misapplied *Mitchum* in *Gresham Park Community Organization v. Howell,* 652 F.2d 1227 (5th Cir.1981), and after seeking to reconcile both Fifth Circuit and Supreme Court authority to the contrary stated in dicta that a federal district court had subject matter jurisdiction to consider a section 1983 claim in which the plaintiff sought to nullify or modify a state court decision. The Court of Appeals stated, erroneously, "Under *Mitchum,* in a § 1983 claim § 2283 does not bar a federal injunction against enforcement of a state court judgment." That clearly was not the holding of *Mitchum; Mitchum* did not involve a state court *judgment* but involved merely ongoing state court proceedings. Likewise, *Gresham Park* itself involved ongoing proceedings and not a final judgment of either a state trial court or a state appellate court.

In *Dasher v. Supreme Court of Texas,* 658 F.2d 1045, 1048 (5th Cir.1981), the Court of Appeals held that a federal district court had subject matter jurisdiction to hear a section 1983 complaint where the plaintiff alleged that she had been improperly denied admission to the Texas bar. The Court of Appeals held that a district court had jurisdiction over constitutional claims asserted by a plaintiff if the plaintiff had failed to raise those constitutional claims in state court and the decision of the state court was, therefore, not reviewable by the Supreme Court of the United States through a writ of certiorari. In *District of Columbia Court of Appeals v. Feldman,* —— U.S.

——, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), the Supreme Court expressly stated that it found the reasoning in *Dasher* to be "flawed." In *Feldman,* the Supreme Court held that final determinations of state appellate courts in judicial proceedings were reviewable only by the Supreme Court and not by federal district courts in section 1983 actions. The Supreme Court also stated:

> As we noted in *Atlantic Coast Line R. Co. v. Engineers,* 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970), "lower federal courts possess no power whatsoever to sit in direct review of state court decisions." *Id.,* at 296, 90 S.Ct. at 1748. If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application for admission to the state bar, then the District Court is in essence being called upon to review the state court decision. This the District Court may not do.
>
> —— U.S. at ——, 103 S.Ct. at 1315, n. 16.

*Feldman* simply reemphasizes the Supreme Court's early decision in *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), holding that state court decisions may not be reviewed by federal district courts.

Since the plaintiff asks this court to review a final decision of the Georgia Court of Appeals and since this court has no jurisdiction to review that decision, the complaint must be DISMISSED for lack of subject matter jurisdiction. The proposed amendment would not cure this lack of jurisdiction; consequently, the motion to amend is DENIED. *See Addington v. Farmer's Elevator Mutual Insurance Co.,* 650 F.2d 663 (5th Cir.1981).

The court also notes that the plaintiff's attempt to circumvent the rule laid down in *Feldman* and *Rooker* by characterizing its action as one seeking "a determination that the sua sponte decision of the Georgia Court of Appeals, [*sic*] denied it equal protection of the law" is unpersuasive. The plaintiff asks this court to review an action taken by the Georgia Court of Appeals, and this court is without authority to do this.

Some of the defendants have filed what they denominate a "counterclaim" for attorney's fees under 42 U.S.C. § 1988. Such a claim is not in fact a "counterclaim" but is simply a prayer for attorney's fees which may be awarded to a prevailing party in civil rights litigation. Although this court must dismiss the plaintiff's complaint, the court cannot say in light of *Gresham Park,* that the plaintiff's claims were so groundless and without foundation as to warrant assessment of attorney's fees. *Hughes v. Rowe,* 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Christianburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). Consequently, the prayer for attorney's fees is DENIED.

In summary, the plaintiff's complaint is DISMISSED for lack of subject matter jurisdiction, and the prayer of some of the defendants for an award of attorney's fees is DENIED. The plaintiff's motion to amend its complaint is also DENIED.