Joseph C. SUNN, Plaintiff,

v.

William T. DEAN, et al., Defendants.

Civ. A. No. C84–1090A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 27, 1984.

Joseph C. Sunn, pro se.

John Little, pro se.

Michael J. Bowers, Atty. Gen., Kathryn Allen, Asst. Atty. Gen., Atlanta, Ga., James C. Morton, Bondurant, Miller, Hishon &

**80**

Stephenson, Atlanta, Ga., Jeffrey M. Starnes, Conyers, Ga., for defendants.

## ORDER

FORRESTER, District Judge.

This action is before the court on several pending motions: a motion to dismiss, a motion for attorney's fees, and a motion for a protective order filed by the juror defendants; plaintiff's motion for leave to amend the complaint and plaintiff's motion for leave to file a second amendment to the complaint; and defendant Dean's motion for a protective order.

### I. FACTS.

Plaintiff in this case was a *pro se* plaintiff in an action tried before a jury in the Superior Court of Rockdale County. The jury in that case returned a verdict for the defendant and awarded attorney's fees against plaintiff. Plaintiff did not make any motion for a new trial or a judgment notwithstanding the verdict or challenge the jury's award of attorney's fees. Plaintiff did not appeal the trial court's judgment to the Georgia appellate courts. Instead, plaintiff filed this action against the attorneys who represented defendant in the Rockdale County suit, the judge who presided at the trial, and the jury which rendered the verdict. Plaintiff alleges that all of the defendants conspired to deprive him of his civil rights and his right of access to the courts based upon his race, his interracial marriage, and the fact that he was not a resident of Rockdale County. Plaintiff claims that the jury was prejudiced against him from the start and disobeyed their oaths as jurors to decide the case fairly based upon the evidence. Plaintiff claims that the verdict entered by the jury was contrary to the evidence. Plaintiff further claims that Judge Dean made disparaging and prejudicial remarks during the trial and made various rulings against plaintiff which were contrary to law. As damages plaintiff seeks $10,000 from each defendant for the alleged deprivations of his civil rights.

### II. SUBJECT MATTER JURISDICTION.

This court has no subject matter jurisdiction to review a judgment by a state court. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 1311, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923); *Reynolds v. Georgia,* 640 F.2d 702 (5th Cir. Unit B), *cert. denied,* 454 U.S. 865, 102 S.Ct. 326, 70 L.Ed.2d 165 (1981); *Warriner v. Fink,* 307 F.2d 933 (5th Cir.1962), *cert. denied,* 372 U.S. 943, 83 S.Ct. 937, 9 L.Ed.2d 969 (1963); *Collins v. Collins,* 597 F.Supp. 33 (N.D.Ga.1984); *National Car Loading Corporation v. Shulman,* 570 F.Supp. 3 (N.D.Ga.1983). This is true notwithstanding the fact that plaintiff's complaint might be brought under 42 U.S.C. § 1983. *Reynolds v. Georgia, supra.* This court further has no authority to decide constitutional issues which were raised, or reasonably could have been raised in the state court proceeding. *District of Columbia Court of Appeals v. Feldman,* 103 S.Ct. at 1315 n. 16; *Wood v. Orange County,* 715 F.2d 1543, 1546–47 (11th Cir.1983). All of plaintiff's allegations concerning the prejudice of the jury, the correctness of their verdict, the disparaging remarks by the trial judge, and the correctness of his rulings, could have been raised, and should have been raised, on direct appeal to the Georgia appellate courts. This court, therefore, has no jurisdiction or authority to consider any issues concerning the correctness of the judgment against plaintiff. Insofar as plaintiff's claims would require this court to reverse, vacate, or otherwise modify the judgment of the state court this court is without jurisdiction to hear them. *Collins v. Collins, supra.* This court further lacks jurisdiction to review the proceedings in the state court for error, since such issues could have been raised on appeal.

Plaintiff, however, has not asked this court to interfere with the judgment of the state court. Instead, plaintiff simply seeks damages from the named defendants for conspiring to deprive plaintiff of his civil

rights. While it may be impossible for plaintiff to prove his claims without forcing this court into an appellate-type review of the proceedings in the state court, an inquiry for which this court lacks jurisdiction, the court will assume for purposes of the present motions that plaintiff may be able to prove some set of facts in support of his claim without requiring the court to make such an inquiry. The court proceeds, therefore, to the pending motions.

III. THE JUROR DEFENDANTS' MOTION TO DISMISS.

The juror defendants have moved to dismiss plaintiff's claim against them pursuant to Rule 12(b)(6) on the grounds that plaintiff's complaint fails to state a claim upon which relief can be granted. Plaintiff's complaint generally asserts that the jurors conspired to deprive him of his civil rights by rendering a verdict against him because of his race. This court's research has disclosed only two cases dealing with whether jurors are subject to liability for damages under the civil rights laws. In *Roberts v. Barbosa*, 227 F.Supp. 20 (S.D. Cal.1964) a state prisoner brought an action for damages under the Civil Rights Acts against 44 different defendants, including "the judge of the superior court who heard his case, all of the judges of the district court of appeals which affirmed his conviction, the attorney general of the State of California and certain of his deputies, the County Clerk of San Bernardino County, and several deputies, his own attorney, witnesses who testified at his trial, and ... all of the members of the Jury which convicted him of the crime" for which he was imprisoned. *Id.* at 21–22. In discussing the potential liability of the jurors, the court stated:

I have found no case which touches on the question of immunity of a jury. Perhaps this is the first case where anyone has had the gall to attempt to secure damages from a jury for convicting him, in alleging violation of his civil rights. If anyone should have immunity, it is the jurors. As Justice Frankfurter said in *Tenney, et al. v. Brandhove* (1951), 341

U.S. 367, at 377, 71 S.Ct. 783, at 788, 95 L.Ed. 1019: "The privilege [of immunity] would be of little value if they could be subjected to the costs and inconvenience and distractions of a trial upon a conclusion of a pleader, or to the hazards of a judgment against them based upon a jury's speculation as to motives." There, the court was speaking of immunity of legislators. If ever immunity should be granted, it should be granted to jurors. To permit this case to proceed, and the jurors to be served with summons and complaint, and compel them to hire lawyers, would be the ultimate, not only in absurdity, but also in the subversion of justice. 227 F.Supp. at 26.

The ruling in *Roberts v. Barbosa* was later applied in a suit brought by plaintiff against jurors who had rendered a verdict against him in a civil case. In *McIntosh v. Garofalo*, 367 F.Supp. 501 (W.D.Pa.1973), the court, after discussing *Roberts v. Barbosa* and two other cases which had reached similar conclusions, *White v. Hegerhorst*, 418 F.2d 894 (9th Cir.1969) (affirming dismissal of a criminal defendant's civil rights action against a juror) and *Martone v. McKeithen*, 413 F.2d 1373 (5th Cir. 1969) (members of grand jury immune from liability for damages under the Civil Rights Act), the *McIntosh* court stated:

Research fails to disclose a case in which it has been held that jurors in a civil action are immune from suit under the Civil Rights Act. Perhaps this is because, as noted in the *Roberts* opinion, no one in the past has brought such an action. Be that as it may, the reasoning employed in *Roberts*, *White*, and *Martone [v. McKeithen*, 413 F.2d 1373 (5th Cir.1969)]* compels the conclusion that one empaneled as a juror in a civil action is immune from a later suit for damages under section 1983.

In the first instance, it must be considered that this case could not be pursued further without the necessity arising for piercing the time-honored veil of secrecy which surrounds the jury's deliberations. The threat to the jury system, one of the keystones of the democratic

process, is obvious. But more importantly, perhaps, the integrity of the judicial process demands that jurors, as well as judges (*Bauers v. Heisel*, 361 F.2d 581 (3d Cir.1966) and prosecutors (*United States ex rel. Rauch v. Deutsch*, 456 F.2d 1301 (3d Cir.1972)), be free to discharge their duties without fear of subsequent harassment. To hold that a juror in a civil case is not immune from liability under section 1983 would be to subject each citizen/juror, men and women who serve their community in a spirit of well-meaning, if sometimes grudging, civil altruism, to the possibility of lengthy, expensive and burdensome combat against the vendettas of dissatisfied litigants. Such a state of affairs cannot be fostered. A juror in a civil action is immune from subsequent suit for damages under 42 USC § 1983. *McIntosh v. Garofalo*, 367 F.Supp. at 504.

This court is completely in accord with the sentiments expressed by the courts in *Roberts v. Barbosa* and *McIntosh v. Garofalo* and completely agrees with their holding that jurors are entitled to absolute immunity from subsequent actions for damages under the Civil Rights Acts. Since the juror defendants enjoy absolute immunity to an action for damages, plaintiff's complaint against them fails to state a claim upon which relief can be granted. The motion by the juror defendants to dismiss plaintiff's complaint against them is, therefore, GRANTED.

■ Although Judge Dean has not yet filed a motion to dismiss, this court sees no reason that he should be put to the additional expense of filing such a motion. The doctrine of judicial immunity from liability for damages under section 1983 is far more firmly established than the immunity of jurors. *See Bauers v. Heisel*, 361 F.2d 581, 586 and n. 7 (3 Cir.1966). In *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), the Supreme Court expressly considered the question of "whether a local judge is liable for damages under § 1983 for an unconstitutional conviction...." *Id.* at 551, 87 S.Ct. at 1216. In

that case the local judge had convicted the petitioners, various "Freedom Riders," for their part in attempting to desegregate a bus terminal in Jackson, Mississippi. The Fifth Circuit Court of Appeals had held that the judge was entitled to an absolute immunity from an action for damages for acts within their jurisdiction. *Pierson v. Ray*, 352 F.2d 213, 217 (1965). The Supreme Court affirmed, stating:

We find no difficulty in agreeing with the Court of Appeals that Judge Spencer is immune from liability for damages for his role in these convictions. ... Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in *Bradley v. Fisher*, 13 Wall. 335 [20 L.Ed. 335] (1872). This immunity applies even when the judge is accused of acting maliciously and corruptly, and it "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is. that the judges should be at liberty to exercise their functions with independence and without fear or consequences." *Scott v. Stansfield*, L.R. 3 Ex. 220, 223 (1868) (quoted in *Bradley v. Fisher, supra*, 349, note, at 350 [20 L.Ed. 335]). It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation.

We do not believe that this settled principle of law was abolished by section 1983, which makes liable "every person" who under color of law deprives another person of his civil rights. The legislative record gives no clear indication that Congress meant to abolish wholesale all common-law immunities. Accordingly, this

Court held in *Tenney v. Brandhove,* 341 U.S. 367 [71 S.Ct. 783, 95 L.Ed. 1019] (1951), that the immunity of legislators for acts within the legislative role was not abolished. The immunity for judges for acts within the judicial role is equally well established, and we presume that Congress would have specifically so provided had it wished to abolish the doctrine. *Pierson v. Ray,* 386 U.S. at 553–555, 87 S.Ct. at 1217–1218.

Plaintiff has cited *Pulliam v. Allen,* —— U.S. ——, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984), apparently for the proposition that he can recover damages, or at least attorney's fees, from Judge Dean. In *Pulliam,* the Supreme Court faced the question of "[w]hether Judicial Immunity Bars the Award of Attorney's Fees Pursuant to 42 U.S.C. § 1988 Against a Member of the Judiciary Acting in his Judicial Capacity." The district court had granted prospective injunctive relief against the state judge and awarded attorney's fees pursuant to section 1988. The Supreme Court stated that the propriety of the award of attorney's fees

> depends in part on whether judicial immunity bars an award of injunctive relief under section 1983. The legislative history of section 1988 clearly indicates that Congress intended to provide for attorney's fees in cases where relief properly is granted against officials who are immune from damages awards. ... *There is no indication, however, that Congress intended to provide for a fee award if the official was immune from the underlying relief on which the award was premised. See Supreme Court of Virginia v. Consumers Union of the United States, Inc.,* 446 U.S. 719, 738–39, 100 S.Ct. 1967, 1977–78, 64 L.Ed.2d 641 (1980) (emphasis added).

The Court in *Pulliam* concluded that "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity." The Court then went on to hold that an award of attorney's fees under section 1988 was proper, notwithstanding that the doctrine of judicial immunity would have barred an award of damages.

Plaintiff's complaint does not seek any kind of prospective relief against Judge Dean; it seeks only damages. Judge Dean enjoys absolute immunity from such a suit as *Pulliam v. Allen* did not overrule the settled principle that judges are immune from liability for damages for acts committed within their judicial capacity. Therefore, plaintiff has failed to state a claim for which relief can be granted against Judge Dean. Because of this, plaintiff cannot be a prevailing party as against Judge Dean, and, therefore, he cannot be entitled to an award of attorney's fees under 42 U.S.C. § 1988.

As Judge Dean enjoys an absolute immunity from an action for damages for acts committed within the scope of his judicial capacity, plaintiff's case is defeated at the outset. *Imbler v. Pachtman,* 424 U.S. 409, 419 n. 13, 96 S.Ct. 984, 989 n. 13, 47 L.Ed.2d 128 (1976). The court sees no reason why Judge Dean should be put to the expense of filing a motion to dismiss. Plaintiff's complaint against him is so patently frivolous that this court believes it is warranted in dismissing it *sua sponte.* Therefore, plaintiff's claim against Judge Dean is hereby DISMISSED on the grounds that it is patently frivolous. 1 J. Moss, *Moore's Federal Practice,* ¶ 0.60[6] (2d Ed.1982).

## IV. THE JUROR DEFENDANTS' MOTION FOR ATTORNEY'S FEES.

■ The juror defendants have moved for an award of attorney's fees on the grounds that the action against them is unreasonable, frivolous and meritless. 42 U.S.C. § 1988 provides that this court may award attorney's fees to a prevailing party in a civil rights action. While the standards for awarding such fees to a prevailing defendant are somewhat different than those for awarding fees to a prevailing plaintiff, *see Strong v. Ponder,* 572 F.Supp. 129 (N.D.Ga.1983), this court feels that an award of fees is appropriate in this case. Plaintiff's complaint against the juror defendants is patently frivolous. The notion

that jurors should be haled into court to answer in a civil action for damages for the verdict they render is so outrageous that an award of attorney's fees is proper not only under 42 U.S.C. § 1988, but also under Rule 11 of the *Federal Rules of Civil Procedure.* Therefore, the motion by the juror defendants for an award of attorney's fees is GRANTED. *See Roberts v. Barbosa,* 227 F.Supp. 20 (1964). The juror defendants are DIRECTED to file an itemization of their attorney's fees within twenty (20) days of the date of this order.

### V. PLAINTIFF'S MOTIONS FOR LEAVE TO AMEND COMPLAINT.

By these motions plaintiff seeks to amend his complaint to correct certain deficiencies such as the failure to allege that defendants acted under color of state law and the failure to allege subject matter jurisdiction. Since the court has not entirely dismissed this case,[1] and since leave to amend the complaint should be freely given pursuant to Rule 15(a), both of plaintiff's motions for leave to amend the complaint are GRANTED.

### VI. CONCLUSION.

In sum, the juror defendants' motion to dismiss is GRANTED. The juror defendants' motion for attorney's fees is also GRANTED. Plaintiff's June 22 motion for leave to amend the complaint and plaintiff's July 3 motion for leave to file a second amendment to the complaint are GRANTED. The court on its own motion dismisses plaintiff's complaint against defendant Dean on the grounds that it fails to state a claim upon which relief can be granted. Defendant Dean's motion for a protective order and the juror defendants' motion for a protective order are MOOT because those defendants are hereby DISMISSED from this action.

1. Defendants Nation and Little have not yet filed a motion to dismiss. The court is not entirely certain what these defendants are alleged to have done other than to "conspire with defendant Dean to deprive plaintiff of his civil rights." These defendants do not appear to en-

joy an absolute immunity such as that enjoyed by the judge and jurors. Since plaintiff is proceeding *pro se,* this court is hesitant to dismiss the action against these defendants on its own motion based on the record before it, as it did with Judge Dean.