993 F.2d 1552
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Thomas R. SLIGAR, Plaintiff-Appellant,
v.
Jack HOLT, Marilyn Newman, Defendants-Appellees.
 No. 92-5230.
 United States Court of Appeals, Tenth Circuit.
 May 6, 1993.
 
 Before McKAY, SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Thomas R. Sligar (Sligar), appearing pro se, appeals from the district court's order dismissing his 42 U.S.C. § 1983 complaint against defendants-appellees, Jack Holt and Marilyn Newman, two jurors who served on the jury which convicted Sligar in an Oklahoma state district court proceeding. Sligar is incarcerated in the Dick Conner Correctional Center at Hominy, Oklahoma.
 
 
 3
 Sligar contends that the defendants, as jurors, violated his due process and equal protection of laws rights because (a) his trial attorney informed the jury that the state had lost jurisdiction over the subject matter by not arraigning him within the statutory time limit, and (b) the defendants-jurors disregarded Sligar's attorney's pleas and knowingly conspired to violate Sligar's rights by convicting him with only the testimony of police officers for allegedly kicking a witness. Sligar sought monetary relief of $25,000,000 from each defendant as damages for his pain and suffering from illegal imprisonment.
 
 
 4
 On appeal, Sligar argues that: the defendants violated his constitutionally protected rights of due process and equal protection of the laws; the district court violated his right to a jury trial, citing to Etalook v. Exxon Pipeline Co., 831 F.2d 1440 (9th Cir.1987), and related cases; and, the district court applied the wrong law, citing to Hill v. McDermott, Inc., 827 F.2d 1040 (5th Cir.1987), cert. denied, 484 U.S. 1075 (1988). He requests that we reverse and remand for trial.
 
 
 5
 The district court dismissed Sligar's complaint on the ground that jurors are entitled to absolute immunity from civil suit, citing Imbler v. Pachtman, 424 U.S. 409, 422-23 (1976). We agree. See also, Freeze v. Griffith, 849 F.2d 172 (5th Cir.1988); McIntosh v. Garofalo, 367 F.Supp. 501 (W.D.Pa.1973).
 
 
 6
 Neither Etalook nor Hill, cited and relied upon by Sligar, has any bearing upon the absolute immunity issue relied upon by the district court.
 
 
 7
 We AFFIRM.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3