Clarence **MARSHALL**, Appellant,

v.

Joseph R. **BRIERLEY**, Supt., State Correctional Institution, Pittsburgh, Pennsylvania.

No. 71–1575.

United States Court of Appeals, Third Circuit.

Submitted May 1, 1972.

Decided May 24, 1972.

Clarence Marshall, pro se.

John J. Kennedy, Jr., Asst. Atty. Gen., Pittsburgh, Pa., for appellee.

Before VAN DUSEN, GIBBONS and ROSEN, Circuit Judges.

OPINION OF THE COURT

GIBBONS, Circuit Judge.

Appellant Clarence Marshall, an inmate at the State Correctional Institution at Pittsburgh, Pennsylvania, filed in the district court an action against Joseph R. Brierley, appellee, Superin-

tendent of the Institution, under the Civil Rights Act of 1871, 42 U.S.C. § 1983. The complaint is inartfully drawn by a person of only minimal literary skills. Nevertheless it is clear enough to disclose that Marshall seeks to recover damages for claimed injuries and deprivation of rights while incarcerated under a judgment of conviction which he does not in this action challenge. The complaint alleges that the appellant was locked in his cell for fifteen days without bath or exercise for an alleged infraction of the rules, without a hearing. Thus he alleges, in a rudimentary way at least, injury from disciplinary confinement and denial of due process in the steps leading to that confinement.

The district court ordered the complaint filed in forma pauperis. Without causing process to be served on the appellee and without requiring any responsive pleading whatsoever, it dismissed the complaint for failure to state a claim upon which relirf could be granted. We reverse.

■ In Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) the Supreme Court considered an equally inartful prisoner complaint under the Civil Rights Act. The District Court had granted the defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b) (6) and the Seventh Circuit had affirmed. 427 F.2d 71. The Supreme Court reversed, saying:

"Whatever may be the limits on the scope of inquiry of courts into the internal administration of prisons, allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' Conley v. Gibson, 355 U.S. 41, 45–46 [78 S.Ct. 99, 2 L.Ed.2d 80] (1957). See Dioguardi v.

Durning, 139 F.2d 774 (CA 2 1944)." 92 S.Ct. at 595.

This is an *a fortiori* case, for here the court acted without the benefit of a motion by the appellee and in the absence of notice of such a motion to the appellant. There was, in short, no compliance with the Federal Rules of Civil Procedure. We have in a somewhat different context disapproved of the practice of dismissing a prisoner's Civil Rights Act complaint without the benefit of a responsive pleading. Owens v. Brierley, 452 F.2d 640 (3d Cir. 1971).

The district court's memorandum refers to Lockhart v. Hoenstine, 411 F.2d 455 (3d Cir.), cert. denied, 396 U.S. 941, 90 S.Ct. 378, 24 L.Ed.2d 244 (1969). That case presents an appropriate contrast, for there we affirmed a grant of summary judgment when, in compliance with Fed.R.Civ.P. 56 the defendant, a prothonotary, established by affidavit that he was entitled to judicial immunity. The warden of a correctional institution is not immune from civil liability for violations of the Civil Rights Act.

■ We do not suggest that in every case a prisoner's *pro se* complaint under the Civil Rights Act will require the issuance of process and compliance with the notice and hearing provisions of the Federal Rules of Civil Procedure. If, for example, the only named defendant is immune from suit, as in United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3d Cir. 1969), issuance of process would be a futile formality. But where the *pro se* prisoner's complaint names a non-immune defendant, and it does not appear beyond doubt that the plaintiff can prove no set of facts in support of his inartfully drawn complaint, short cuts through the Federal Rules of Civil Procedure are inappropriate. *See, e. g.,* Hudson v. Hardy, 134 U.S.App.D.C. 44, 412 F.2d 1091 (1968).

The judgment of the district court will be reversed and the case remanded for further proceedings in compliance with the Federal Rules of Civil Procedure.