**Anthony J. TURACK, Appellant,**

v.

**William GUIDO et al.**

**No. 72-1052.**

United States Court of Appeals,
Third Circuit.

Submitted June 5, 1972 Under Third
Circuit Rule 12(6).

Decided June 23, 1972.

Anthony J. Turack, pro se.

Ned J. Nakles, Greensburg, Pa., for appellees, O'Connell, Kradel, Scales and Mihalich.

Louis H. Ceraso, New Kensington, Pa., for appellees, Guido and Cipolla.

T. E. Macurdy, Natrona Heights, Pa., for appellee Thomas Macurdy.

Herman C. Kimpel, Dickie, McCamey & Chilcote, Pittsburgh, Pa., for appellee Green.

Before SEITZ, Chief Judge, and GIBBONS and MAX ROSENN, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

■ The appellant, who appeared pro se both in this court and in the district court, appeals from an order dismissing his complaint for failure to state a claim on which relief could be granted. Fed. R.Civ.P. 12(b) (6). The complaint refers to 42 U.S.C. § 1983 and seeks money damages from two state justices of the peace, the district attorney of Westmoreland County and his two assistants, a court administrator, appellant's former attorney, and the attorney for his former wife, an adversary in a divorce case. The appellant is dissatisfied with the handling of the divorce proceedings and other domestic disputes. Even when judged by the less stringent standards by which we judge pro se pleadings, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), Marshall v. Brierley, 461 F.2d 929 (3d Cir., filed 1972), the complaint was properly dismissed.

■ The judicial officers are immune from damage suits growing out of their official duties. Pierson v. Ray, 386 U.S. 547, 553–554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Redding v. Walsh, 449 F.2d 1301, 1302 n. 1 (3d Cir. 1971); Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir. 1969). The prosecutors are similarly immune. Kauffman v. Moss, 420 F.2d 1270 (3d Cir. 1970); Bauers v. Heisel, 361 F.2d 581 (3d Cir. 1966). Moreover, the complaint fails to allege in what manner the appellant could have been damaged by the refusal of the prosecuting authorities to bring criminal proceedings against a third party. The claims against appellant's own attorney are essentially malpractice contentions and do not allege a deprivation of civil rights under color of state law. The allegations against the former wife's attorney do not even rise to the level of malpractice contentions, but are merely complaints about the advice given to that client. The district court proceeded in due compliance with the notice provisions of the Federal Rules of Civil Procedure, and properly granted the appellees' Rule 12(b) (6) motions.

The judgment of the district court will be affirmed.