**Ethel HAZO, Plaintiff,**

v.

**Margaret E. GELTZ et al.,
Defendants.**

**Civ. A. No. 74–1262.**

United States District Court,
W. D. Pennsylvania.

June 19, 1975.

Stanley M. Stein, Pittsburgh, Pa., for plaintiff.

Angelo C. Procopio, Pittsburgh, Pa., for Geltz.

Norman P. Wolken, Pittsburgh, Pa., for Telford.

Herman C. Kimpel, Pittsburgh, Pa., for Burkhardt.

## OPINION AND ORDER

MARSH, District Judge.

This matter is presently before us on motions to dismiss the complaint filed by each of the three named defendants.* Plaintiff, Hazo, is an individual resident of Pittsburgh, Pennsylvania, who trades and does business as Moses Hazo Company, a business dealing in the sale of antique rugs and furniture and objects d'art. Defendant, Mary E. Geltz (hereinafter referred to as Geltz), is an individual resident of Verona, Pennsylvania; defendant, Edward E. Burkhardt (hereinafter referred to as Burkhardt), is an individual resident of Pennsylvania and is an attorney admitted to practice before the courts of the Commonwealth of Pennsylvania; defendant, John Telford (hereinafter referred to as Telford), is an individual resident of Pennsylvania and at all times relevant to this action was a Deputy Sheriff of Allegheny County, Pennsylvania.

Jurisdiction is based on 28 U.S.C. § 1343 and specifically Title 42, §§ 1983 and 1985 of the Civil Rights Act. The motions to dismiss the complaint will be granted.

■ In reviewing the motions to dismiss, we shall construe the complaint in the light most favorable to plaintiff and consider its allegations as true. *Curtis v. Everette*, 489 F.2d 516 (3rd Cir. 1973); *Melo-Sonics Corporation v. Cropp*, 342 F.2d 856 (3rd Cir. 1965); *Frederick Hart & Co. v. Recordgraph Corporation*, 169 F.2d 580 (3rd Cir. 1948); 5 Wright & Miller, Federal Practice and Procedure: Civil § 1357 (1969).

On March 14, 1973, Hazo and Geltz entered into a written contract in which Geltz agreed to invest a sum of $3,000 into the business of Hazo. In consideration of this investment, Geltz was to receive 50 per cent of the net profits.[1] The contract provided for a term of six months and "[i]f at the end of six months and (sic) either party does not want to continue, Mrs. Geltz, will receive the sum of $3,000.00, her full investment." [2]

Sometime subsequent to the above agreement, Geltz determined that she no longer wished to continue the arrangement and notified Hazo in writing.[3] Plaintiff avers that the recission terms set forth by Geltz were unacceptable, since Hazo considered and still considers that Geltz breached the agreement at various times prior to the date of Exhibit "B". In any event, plaintiff contends that even according to the terms of Ex-

---

* It should be noted that defendant Geltz and plaintiff both briefed the defendant Geltz' motion for summary judgment. The court, however, finds no record of such a motion having been filed or docketed at this Civil Action, No. 74–1262. In light of this fact and our opinion that the action should be dismissed, it is not necessary to pass upon the alleged motion for summary judgment.

1. The contract also provided for a $100 deduction for rent (one-half of $200 rent per month) and one-half of the telephone bill. Other provisions of the contract are not at issue.

2. See Exhibit "A" to plaintiff's complaint.

3. See Exhibit "B" to plaintiff's complaint; the date on the letter, if there was a date, is not visible on the copy provided by plaintiff. Indeed, the entire copy of plaintiff's Exhibit "B" is for the most part illegible.

hibit "B", Geltz claimed that there was due from Hazo no more than $2,310, less an additional amount for one-half of the telephone calls mentioned as part of the agreement in Exhibit "A".

Hazo and Geltz failed to settle their disagreements, and on November 8, 1973, Geltz filed an action in the Court of Common Pleas of Allegheny County claiming $3,000.[4] The writ of summons in assumpsit and the complaint, a short form filed in the Small Claims Division of the Court of Common Pleas, were not personally served on Hazo, nor were they served on an adult member of her household or any person then in charge of Hazo's premises. On the contrary, plaintiff avers that the writ and complaint were served upon a tenant who was leasing an apartment from Hazo in the same building in which plaintiff resided; said tenant was not in charge of the premises and therefore, service of process was improper under the Pennsylvania Rules of Civil Procedure and ineffective to obtain personal jurisdiction over plaintiff.[5]

On December 27, 1973, Geltz, by her attorney, Burkhardt, took judgment by default against Hazo for $3,000, plus costs. Subsequently, on a date unknown to plaintiff, defendant Burkhardt went to the office of the Sheriff of Allegheny County and requested that the Sheriff levy upon the personal property of Hazo and sell same in satisfaction of the judgment. At the same time, on the basis of a judgment obtained at No. 3788 of 1973 by ITT Corp., a writ of execution, obtained by representatives of the Pittsburgh law firm of Stonecipher, Cunningham, Beard and Schmidt, was issued and the Sheriff's office was instructed to levy on the personal property of Hazo. ITT's claim amounted to no more than

$700. Attorneys for both Geltz and ITT were made aware of the respective orders of execution and both executions were scheduled for April 17, 1974.

The executions and necessary levies were made by defendant Telford, who was charged with certain responsibilities under Pennsylvania law as set forth in the Pennsylvania Rules of Civil Procedure. The Sheriff sales having been scheduled, Telford appeared at the residence of Hazo on April 17, 1974 to put up for bid all of Hazo's personal property that could be found on the premises. Present at that time were Hazo, Burkhardt, Geltz, attorneys Philip Beard and Roger Cunningham, representing ITT, and other persons, all of whom allegedly attended with Geltz for the purpose of carrying away in two trucks, the personal property to be offered for sale. Plaintiff avers that by prior arrangement between Burkhardt and attorneys for ITT, the sale on the ITT execution was permitted to proceed, with Geltz, by her attorney Burkhardt, bidding $99.25 as the amount of the costs on the ITT execution. No other bids were made since no other persons had come to bid, except Hazo, who was prevented by Telford from bidding, allegedly because she did not have cash, but offered a check. Burkhardt, however, was permitted to pay by check.

The value of the rugs, furniture, antiques, furnishings and other items sold at the sale was $35,000. Many of the items sold were not the property of Hazo, but were allegedly taken by Geltz and Burkhardt even though they knew the items belonged to other persons. It is further averred that "all of said items were sold and taken by Telford as items to be sold and members of the public who might have wished to be present to

---

4. Plaintiff avers that Geltz knew her claim was for no more than $2,310, but despite this fact she sought $3,000 relief.

5. The Sheriff's return, attached as Exhibit "G" to defendant Geltz' brief in support of the motion to dismiss, shows that the "true

and attested copy(ies) of Notice of Suit together with copy(ies) of Complaint" were served on "Mrs. Soong (person in charge)" at Mrs. Hazo's place of residence at 127 South Fairmount Avenue, Pittsburgh, Pennsylvania.

bid were uninformed as to the nature of the property which would be sold." [6]

Plaintiff avers that all of the actions of defendants were taken pursuant to and under color of state law and official authority depriving Hazo of due process of law and equal treatment under the laws in violation of 42 U.S.C. § 1983. Furthermore, defendants are accused of conspiracy to deprive Hazo of her constitutional rights in violation of 42 U.S.C. § 1985. We shall deal with the propriety of an action under § 1983 and then review plaintiff's contentions under § 1985.

## CAUSE OF ACTION UNDER SECTION 1983 AGAINST DEFENDANT BURKHARDT

██ We begin with an analysis of whether a claim has been presented against defendant Burkhardt, an attorney, under 42 U.S.C. § 1983. In order to find a valid claim under § 1983, two requirements must be met, (1) the plaintiff must assert a deprivation of rights, privileges and immunities secured by the Constitution and laws of the United States, and (2) the defendant must have acted under color of state law. *Phillips v. Trello*, 502 F.2d 1000, 1004 (3rd Cir. 1974); *Chism v. Price*, 457 F.2d 1037 (9th Cir. 1972); *McIntosh v. Garofalo*, 367 F.Supp. 501 (W.D.Pa.1973); *Brownley v. Gettysburg College*, 338 F. Supp. 725 (M.D.Pa.1972).

Defendant submits by way of brief the case of *Turack v. Guido*, 464 F.2d 535 (3rd Cir. 1972) in which Judge Sorg dismissed a complaint against an attorney who represented plaintiff in a divorce action. Plaintiff was dissatisfied with the attorney's handling of the case and filed an action for damages under §

1983 against said attorney, two justices of the peace, a court administrator, the county district attorney and his two assistants. The court stated, "The claims against appellant's own attorney are essentially malpractice contentions and do not allege a deprivation of civil rights under color of state law." *Turack, supra* at 536. The complaint against the other defendants was dismissed on the grounds of judicial immunity. Defendant argues that the case *sub judice* must also be dismissed since an attorney acting as a private individual in a professional capacity does not act under color of state law.

██ Plaintiff counters by arguing defendant was *not* acting as a private individual, but was acting in conspiracy with others under color of state law. We accept plaintiff's argument that a private party may be liable under § 1983 if involved in a conspiracy with a state official, in this case, co-defendant Deputy Sheriff Telford.[7] But we feel attorney Burkhardt is cloaked with a veil of immunity in this case. In *Hill v. McClellan*, 490 F.2d 859 (5th Cir. 1974), a civil rights suit brought by a state prisoner against a judge, attorney and the plaintiff's ex-wife, alleging that the defendants conspired to obtain a default judgment in divorce, child custody and property settlement against plaintiff while he was incarcerated, the 5th Circuit upheld a decision of the District Court for the Western District of Texas at Waco, stating, "Lawyers who participate in the trial of private state court litigation are not state functionaries acting under color of state law within the meaning of the federal civil rights acts; likewise, they are not liable under said acts." [8] Accordingly, defendant Burk-

---

6. Plaintiff's Exhibit "C" shows the notice of Sheriff's Sale which lists as items to be sold a refrigerator, stove, one lot of rugs, one bedroom suite, one television, one kitchen table and four chairs. Plaintiff alleges this listing is misleading in that it falsely represents the property which was actually to be sold.

7. Adickes v. S. H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Phillips v. Trello, 502 F.2d 1000 (3rd Cir. 1974).

8. The court cited Skolnick v. Martin, 317 F. 2d 855, 856 (7th Cir. 1963), cert. denied, 375 U.S. 908, 84 S.Ct. 199, 11 L.Ed.2d 146,

hardt's motion to dismiss the complaint under § 1983 will be granted. An appropriate order will be entered.

fendant Telford's motion to dismiss will be granted. An appropriate order will be entered.

## CAUSE OF ACTION UNDER SECTION 1983 AGAINST DEFENDANT TELFORD

■ Deputy Sheriff Telford has filed a motion to dismiss and in his brief adopts the defense of judicial immunity. Although we can find state action in Telford's conduct, we fail to see where this action falls within the proscriptions of the Civil Rights Act. The cases are myriad supporting the doctrine of judicial and quasi-judicial immunity. As the Third Circuit comments in *Waits v. McGowan* et al., 516 F.2d 203, 206 (3rd Cir. 1975), "where the defendant is directly involved in the judicial process, he may receive immunity in his own right for the performance of a discretionary act or he may be covered by the immunity afforded the judge because he is performing a ministerial function at the direction of the judge." (citing cases) We find the case of *Gigliotti v. Redevelopment Auth. of City of New Castle*, 362 F.Supp. 764, 766 (W.D.Pa.1973), aff'd, 492 F.2d 1238 (3rd Cir. 1974) to be particularly applicable. In *Gigliotti*, the court found that a sheriff who executed a writ in connection with an eminent domain proceeding was acting under the direction of the court and was, therefore, immune from suit under the Civil Rights Act. See also: *Fowler v. Alexander*, 478 F.2d 694, 696 (4th Cir. 1973); *Lockhart v. Hoenstine*, 411 F.2d 455 (3rd Cir. 1969); *Salvati v. Dale*, 364 F.Supp. 691, 700 (W.D.Pa.1973). De-

## CAUSE OF ACTION UNDER SECTION 1973 AGAINST DEFENDANT GELTZ

■ Having dismissed defendants Burkhardt and Telford on the grounds of immunity, we follow the reasoning of *McIntosh v. Garofalo*, 367 F.Supp. 501 (W.D.Pa.1973) in dismissing the complaint against defendant Geltz. Plaintiff has not alleged, nor could she allege that defendant Geltz is a state officer. On the other hand, Hazo's claim is based upon the combined actions of Geltz with state officer Telford and attorney Burkhardt, who we have already said was not a state officer. It follows that there could be no allegation that Geltz was independently acting under the authority of the state. Therefore, the required element of "state action" is lacking when applied to defendant Geltz, and the principle applies that if one party (Telford) to an alleged Civil Rights conspiracy is immune from liability, "no cause of action can be stated against the private person with whom he is alleged to have conspired." *McIntosh, supra* at 505; *Guedry v. Ford*, 431 F.2d 660, 664 (5th Cir. 1970); *Haldane v. Chagnon*, 345 F.2d 601, 604 (9th Cir. 1965); *Stambler v. Dillon*, 302 F.Supp. 1250, 1255 (S.D.N.Y.1969); *Shakespeare v. Wilson*, 40 F.R.D. 500 (S.D.Cal.1966).

Defendant Geltz' motion to dismiss for failure to state a claim under 42 U.S.C. § 1983 will be granted. An appropriate order will be entered.

rehearing denied, 375 U.S. 960, 84 S.Ct. 440, 11 L.Ed.2d 319 (1963); Carmack v. Gibson, 363 F.2d 862 (5th Cir. 1966); Brown v. Dunne, 409 F.2d 341 (7th Cir. 1969); Hanna v. Home Insurance Co., 281 F.2d 298 (5th Cir. 1960) cert. denied, 365 U.S. 838, 81 S.Ct. 751, 5 L.Ed.2d 747 rehearing denied, 366 U.S. 955, 81 S.Ct. 1905, 6 L.Ed.2d 1247 (1960). See also: Phillips v. Singletary,

350 F.Supp. 297, 301 (D.S.C.1972); Christman v. Pennsylvania, 275 F.Supp. 434, 435 (W.D.Pa.1967), cert. denied 393 U.S. 885, 89 S.Ct. 195, 21 L.Ed.2d 161; Pritt v. Johnson, 264 F.Supp. 167 (M.D.Pa.1967); Pugliano v. Staziak, 231 F.Supp. 347, 351, fn. 5 (W.D.Pa.1964) aff'd, 345 F.2d 797 (3rd Cir. 1965).

CAUSE OF ACTION AGAINST DEFENDANTS, GELTZ, TELFORD AND BURKHARDT UNDER SECTION 1985

Since the United States Supreme Court case of *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971) held that "state action" is not a required element for a claim under 42 U.S.C. § 1985, we must separately analyze whether plaintiff has stated a cause of action under Section 1985. Defendants Burkhardt and Telford (who joined in the brief of defendant Burkhardt) both argue that a § 1985(3) action cannot be sustained unless some class-based discrimination is alleged, citing *Griffin*. Plaintiff argues that there are cases which support the proposition that a § 1985(3) action exists whether or not class-based discrimination has been disclosed. In support of this contention, plaintiff calls to our attention the cases of *Beaver v. Borough of Johnsonburg*, 375 F.Supp. 326 (W.D.Pa. 1974), *Hoffman v. Halden*, 268 F.2d 280 (9th Cir. 1959) and *Phillips v. Trello*, *supra*.

 However, we are inclined to follow our own ruling in the case of *Peoples Cab Co. v. Bloom*, 330 F.Supp. 1235, 1241–1242 (W.D.Pa.1971), *aff'd*, 472 F. 2d 163 (3rd Cir. 1972). We do not feel that any of the cases cited by plaintiff specifically address themselves to the question of class-based discrimination. We further note that under the recent case of *Waits v. McGowan* et al., 516 F. 2d 203 (3rd Cir. 1975), it appears the Third Circuit restates the *Griffin* holding that for a complaint to state a cause of action under 42 U.S.C. § 1985(3) there must be an allegation of "some racial or perhaps otherwise class-based invidiously discriminatory animus behind the conspirator's action." *Griffin, supra* at 102, 91 S.Ct. at 1798, cited with approval in *McGowan, supra* at page nine of the slip opinion. See also: *Richardson v. Miller*, 446 F.2d 1247, 1249 (3rd Cir. 1971), also cited in *Mc-*

*Gowan, supra;* and *McIntosh v. Garofalo, supra*, 367 F.Supp. at 505–506.

Although plaintiff is a woman, no allegation has been made that the alleged conspiracy of defendants is aimed at all women as a distinct class. Therefore, defendants' motions to dismiss for failure to state a claim under 42 U.S.C. § 1985 will be granted. An appropriate order will be entered.