UNITED STATES of America ex rel. George Daniel MOYER

v.

Trooper James A. McCANN et al.

and

UNITED STATES of America ex rel. Steven J. SANTAI

v.

Trooper James A. McCANN et al.

Civ. A. Nos. 75–1458, 75–1459.

United States District Court, E. D. Pennsylvania.

Feb. 17, 1976.

H. Lee Weinrebe, Philadelphia, Pa., for plaintiff.

Maria Parisi Vickers, Asst. Atty. Gen., Michael von Moschzisker, Deputy Atty. Gen., Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER

BECHTLE, District Judge.

Plaintiffs bring these identical damage suits, *pro se*, against the District Attorney of Schuylkill County, a police officer and James Visalli for violations of their civil rights under 42 U.S.C. §§ 1983, 1985.[1] Plaintiffs allege that de-

1. Although plaintiffs' complaints are entitled "Petition Under Section 1983," a careful read-

ing of the complaints leads this Court to believe that 42 U.S.C. § 1985(3) is also a possible

fendants conspired to secure plaintiffs' arrests and subsequent prosecutions by the knowing use of Visalli's perjured testimony. Presently before the Court are District Attorney Russell's motions to dismiss the complaints for failure to state claims upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). Russell contends that, since he was a District Attorney acting in his official capacity at the time he prosecuted plaintiffs, he is immune from suit under the Civil Rights Acts.

Subsequent to the filing of the original complaints on June 23, 1975, plaintiffs secured H. Lee Weinrebe, Esquire, as their counsel. In a letter dated October 6, 1975, Mr. Weinrebe asked this Court not to rule on Russell's motions to dismiss until he filed amended complaints "so as to formulate what evidently appears to be a valid cause of action against . . . defendants." In both "Plaintiff's Memorandum Contra to Defendant District Attorney Richard B. Russell's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6)" ("Memoranda"), filed on October 6 and October 22, 1975, Mr. Weinrebe again reiterated that, if plaintiffs were permitted to file amended complaints, it would be definitively shown that Russell acted outside the scope of his authority, thus exposing him to liability. He also stated that the amended complaints would be filed "forthwith in due course." To date, no amended complaints have been filed. Plaintiffs' memoranda do reveal, however, that if amended complaints were filed, they would allege, *inter alia*, that Russell, "in order to solve a large and obviously insurmountable backlog of unresolved cases, . . . devised a scheme of using prejured [*sic*] evidence, knowing such to be so at the time the plan was initiated, to convict the Plaintiff, and thereby gain notoriety for . . . [himself]." Memoranda at 3. Although such an allegation may be more lucid and precise than those allega-

tions contained in the original *pro se* complaints, they *all* allege the same thing; a knowing use of perjured testimony by Russell. This Court holds as a matter of law that such an allegation fails to state a claim upon which relief can be granted.

■ The law is quite clear in this Circuit that state prosecuting attorneys are immune from damage suits unless the alleged wrongful acts are clearly outside the scope of their jurisdiction. *Kauffman v. Moss*, 420 F.2d 1270 (3d Cir.), *cert. denied*, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970); *Bauers v. Heisel*, 361 F.2d 581 (3d Cir. 1966) (en banc), *cert. denied*, 386 U.S. 1021, 87 S.Ct. 1367, 18 L.Ed.2d 457 (1967). *See Waits v. McGowen*, 516 F.2d 203, 205 (3d Cir. 1975); *Turack v. Guido*, 464 F.2d 535, 536 (3d Cir. 1972); *United States ex rel. Rauch v. Deutsch*, 456 F.2d 1301, 1302 (3d Cir. 1972); *Burkhart v. Saxbe*, 397 F.Supp. 499, 503 n. 4 (E.D.Pa.1975). It is also clear that state prosecutors are immune even if they knowingly use perjured testimony in their attempts to secure convictions. As stated in *Kauffman v. Moss, supra*, 420 F.2d at 1273:

> [A]ppellee . . . was acting within his jurisdiction in bringing a criminal charge against appellant for a claimed violation of state law regardless of the allegations that the subsequent conviction was the result of perjured testimony.

*Accord, Imbler v. Pachtman*, 500 F.2d 1301 (9th Cir. 1974), *cert granted*, 420 U.S. 945, 95 S.Ct. 1324, 43 L.Ed.2d 423 (1975).

■ Counsel attempts to distinguish *Kauffman* and *Imbler* on the ground that, in those cases, the state had a "reasonably provable case without the prejured [*sic*] testimony," whereas, in the instant case, the perjured testimony was the sole piece of evidence used to prosecute plaintiffs. While it is clear that, in *Imbler*, the conviction was only secured

---

basis for these suits. In light of the fact that *pro se* pleadings must be judged by less stringent standards than counseled pleadings, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594,

30 L.Ed.2d 652 (1972) (per curiam); *Marshall v. Brierley*, 461 F.2d 929 (3d Cir. 1972), we will treat these complaints as alleging claims under both 42 U.S.C. § 1983 *and* § 1985(3).

*in part* by the use of perjured testimony, 500 F.2d at 1302, we are unable to discern whether, in *Kauffman,* other evidence accompanied the perjured testimony. Notwithstanding, such a distinction is entitled to no legal significance as Russell was acting within his jurisdiction in bringing criminal charges against plaintiffs entitling him to immunity, regardless of whether the perjured testimony was the sole piece of evidence used to prosecute plaintiffs. *See Kauffman, supra,* 420 F.2d at 1273.

Accordingly, the motions to dismiss will be granted.